UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| CASIMIR ROBERT KRITHERS, | Case No. 17-CV-0149 (PJS/SER) |
| Plaintiff, | |
| v. | ORDER |
| ROBYN WOJCIECHOWSKI, | |
| Defendant. | |

Casimir Robert Krithers, pro se.

Gary W. Bjorklund, ST. LOUIS COUNTY ATTORNEY'S OFFICE, for defendant.

Plaintiff Casimir Krithers was charged with domestic assault in state court. Krithers was confined in a state jail while awaiting trial on this charge. Krithers challenged his pretrial detention by filing a habeas petition under 28 U.S.C. § 2241. Before the Court could rule on Krithers's petition, however, Krithers was convicted of the state charges. Therefore, Krithers is no longer in *pretrial* detention.

This matter comes before the Court on Krithers's objection to Magistrate Judge Steven E. Rau's Report & Recommendation ("R&R") of September 21, 2017.[1] Judge Rau

---

[1] The Court did not receive Krithers's objection until the Court had already entered judgment against Krithers. *See* ECF Nos. 34-36. But Krithers claims that he did not receive a copy of Judge Rau's R&R until October 5, 2017, and that he filed his objection fewer than 14 days later. *See* ECF No. 37 at 4. Therefore, the Court will treat Krithers's objection as if it was timely filed. *See* Local Rule 72.2(b)(1) (giving parties 14

(continued...)

recommends that Krithers's § 2241 petition be dismissed as moot. The Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Based on that review, the Court agrees that, because Krithers has now been convicted, his challenge to his pretrial detention is moot. *See Jackson v. Clements*, 796 F.3d 841, 843 (7th Cir. 2015); *Williams v. Slater*, 317 F. App'x 723, 724-25 (10th Cir. 2008); *Yohey v. Collins*, 985 F.2d 222, 228-29 (5th Cir. 1993); *Thorne v. Warden, Brooklyn House of Detention for Men*, 479 F.2d 297, 299 (2d Cir. 1973); *Medina v. California*, 429 F.2d 1392, 1393 (9th Cir. 1970). The Court therefore adopts Judge Rau's R&R.

To be clear: The arguments that Krithers makes in challenging the lawfulness of his pretrial detention are also arguments that Krithers may make in challenging the lawfulness of his *conviction*. (Krithers's conviction is now on appeal to the Minnesota Court of Appeals.) The Court is dismissing Krithers's § 2241 petition without prejudice for lack of jurisdiction; the Court is not ruling on the merits of Krithers's arguments. As a result, the Court's action does not preclude Krithers from raising his arguments on appeal from his conviction or in a later § 2241 proceeding.

ORDER

Based on the foregoing, and all of the files, records, and proceedings herein, the Court OVERRULES Krithers's objection [ECF No. 36] and ADOPTS Judge Rau's R&R

---

¹(...continued)
days to object after being served with a copy of the R&R).

[ECF No. 32].  Accordingly, IT IS HEREBY ORDERED THAT Krithers's § 2241 complaint is DISMISSED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  November 28, 2017        s/Patrick J. Schiltz
                                 Patrick J. Schiltz
                                 United States District Judge